UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY Q. DAVIS, | Case No. 08-11828 |
| Plaintiff, | Bernard A. Friedman<br>United States District Judge |
| vs. | |
| | Michael Hluchaniuk |
| CARRIE TRASTER, | United States Magistrate Judge |
| Defendant._____/ | |

**ORDER REGARDING**
**DEFENDANT'S MOTION TO COMPEL (Dkt. 12)**

Defendant's motion involves an examination of plaintiff pursuant to Fed.R.Civ.P. 35. Plaintiff has opposed certain aspects of the requested Rule 35 examination. The motion was referred to the undersigned by Judge Friedman on May 20, 2009 (Dkt. 13) and a hearing was held on the motion, via conference call, on June 16, 2009.

Following the hearing, the controverted items relating to the motion were resolved as follows:

(1) The parties are not required, at this time, to describe the examination under Rule 35 in any particular manner but are encouraged to use a neutral reference, such as simply referring to it as a Rule 35

1

examination, to describe the examination. The use of a non-argumentative reference will avoid unnecessary controversy. A final decision relating to the exact terminology to be used during the trial will be left to the discretion of the trial judge.

(2)  Defendant will be allowed to conduct two examinations by the specific doctors identified in the pleadings as long as the examinations are conducted on the same day. These two doctors relate to separate, specialized areas of the practice of medicine and the two areas are relevant to expected evidence from plaintiff.

(3)  A third party, such as plaintiff's attorney, will not be allowed to be present in the examination room during the examination but a third party may accompany plaintiff to the site of the examination and remain in the waiting room. The examination may not be videotaped.

(4)  Any written medical history forms that plaintiff may be asked to complete will be provided to plaintiff's counsel three business days prior to the examination and the forms may be completed by plaintiff with the assistance of counsel.

(5)  The two examinations will be conducted within a total of four hours. The four hour period will begin at the scheduled time for the

examination, or when plaintiff arrives at the site of the examination, whichever is later.

(6) The disclosures that defendant will be required to make associated with these Rule 35 examinations are provided for in Rule 35(b)(1) and (2) as well as Rule 26(a)(2).

(7) Defendant will not be required to provide transportation for plaintiff to the site of the examinations, but will be required to reimburse plaintiff for the round-trip cost of travel, based on a per mile amount consistent with normal witness fees, from plaintiff's residence to the site of the examinations.

(8) The discovery period will be extended solely for the purpose of conducting these Rule 35 examinations and for the purpose of deposing medical experts by both sides. The following time limits apply to the extension of the discovery periods:

(A) The Rule 35 examinations must be completed by July 14, 2009.

(B) The disclosures required to be made by Rule 35 and Rule 26 with respect to these examinations and these expert witnesses must be made by August 4, 2009.

  (C) The deposition of medical experts for both parties must be completed by September 1, 2009.

(9) The resolved issues as indicated in Joint Statement of Resolved and Unresolved Issues (Dkt. 19) are incorporated into and adopted as part of this order.

(10) The reasoning, as expressed on the record at the June 16, 2009 hearing on this motion, for the decisions in this order is also incorporated into this order.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: June 17, 2009         s/Michael Hluchaniuk
                  Michael Hluchaniuk
                  United States Magistrate Judge

5

## CERTIFICATE OF SERVICE

      I certify that on June 17, 2009, I electronically filed the foregoing pleading with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: Gerald F. Posner and Ethan Vinson.

                                      s/James P. Peltier  
                                      Courtroom Deputy Clerk  
                                      U.S. District Court  
                                      600 Church Street  
                                      Flint, MI 48502  
                                      (810) 341-7850  
                                      pete_peltier@mied.uscourts.gov